DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kelly Mendenhall, | ) | |
|     Plaintiff, | ) | CASE NO. 5:06 CV 0139 |
| | ) | (Case 1) |
|   v. | ) | |
| | ) | |
| The City of Akron, et al., | ) | |
|     Defendants. | ) | |
| -------------------------------------------------------- | ) | --------------------------------------------- |
| | ) | |
| Janice A. Sipe, et al., | ) | CASE NO. 5:06 CV 0154 |
|     Plaintiffs, | ) | (Case 2) |
| | ) | |
|   v. | ) | |
| | ) | |
| Nestor Traffic Systems, Inc., et al., | ) | |
|     Defendant(s). | ) | |

O R D E R

By Memorandum Opinion filed on May 17, 2006, this Court *sua sponte* indicated that plaintiffs in these lawsuits were free to amend their complaints to add equal protection claims. The complaints already stated due process claims. Plaintiff in Case 1 did so amend her complaint. See Case 1, Doc. No. 41. Plaintiffs in Case 2 declined to amend.

The Court is now of the view, as it has recently studied the materials filed in support of and in opposition to the defendants' motions for judgment on the pleadings, which the Court had earlier declined to resolve until discovery could be completed, that there is no basis for an equal protection claim. Therefore, to the extent any such claim is advanced in these cases, the claim is hereby dismissed.

(5:06 CV 0139; 5:06 CV 0154)

The Court has also come to the conclusion that, in view of the ruling by the Trumbull County Court of Common Pleas in <u>Moadus, et al. v. City of Girard, et al.</u>, No. 05-CV-1927, it must VACATE that portion of the May 17, 2006 Memorandum Opinion wherein it concluded that the City of Akron has the power under Home Rule to adopt legislation calling for civil penalties for speeding violations detected by the automated system and, further, that it must certify the following question to the Ohio Supreme Court:

> Whether a municipality has the power under home rule to enact civil penalties for the offense of violating a traffic signal light or for the offense of speeding, both of which are criminal offenses under the Ohio Revised Code.

A separate order of certification will follow.

In light of the certification, the Court denies, for record purposes only, defendants' motions for judgment on the pleadings.  (Case 1, Doc. No. 19; Case 2, Doc. No. 14).

All proceedings in these two cases are hereby stayed pending a decision by the Ohio Supreme Court as to whether to answer the certified question.

IT IS SO ORDERED.


  November 29, 2006                     *s/ David D. Dowd, Jr.*
Date                                    David D. Dowd, Jr.
                                        U.S. District Judge